UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRON E. SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07-CV-352-SNL |
| | ) |
| GENE STUBBLEFIELD, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Tyron E. Singleton (registration no. 41573) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of plaintiff's account statement indicates an average monthly deposit of $144.67 and an average monthly account balance of $43.08. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.93, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S. Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the St. Louis City Justice Center, seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Gene Stubblefield, "Administration at City Justice Center," Unknown Nolan, Unknown Haley, Unknown Smith, Unknown Walton, Unknown Woods, Unknown Payne, Unknown Nurse, and Unknown Brock. Plaintiff alleges that defendants make "sarcastic remarks with no regard for policy and procedure, the code of ethics, or [his] safety" and are constantly accusing him of "participat[ing] in sexual activity" with a correctional officer. Plaintiff states that "inmates [are] looking at [him] funny and saying little things about these accusations," and that the "City Justice Center's Administration is in violation of defamation of [his] character."

Having carefully reviewed plaintiff's allegations, the Court concludes that the instant action is legally frivolous. Claims for slander and defamation are not cognizable under § 1983. *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975). "A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. Invasion of an interest in reputation alone is insufficient to establish § 1983 liability because a damaged reputation, apart from injury to a more tangible interest such as loss of employment, does not implicate any 'liberty' or 'property' rights sufficient to invoke due process." *Geter v. Fortenberry*, 849 F.2d 1550, 1556 (5th Cir. 1988); *Paul v. Davis*, 424 U.S. 693 (1976). Plaintiff does not allege a colorable violation of a "more tangible" interest related to the alleged defamation that could amount to a constitutional deprivation. Moreover, plaintiff's allegations relative to defendants making sarcastic comments and not following policy and procedure fail to state a claim or cause of action under § 1983. *See Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993)

(allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983); *Burton v. Livingston*, 791 F.2d 97, 99-100 (8th Cir. 1986)(usually, mere words, without more, do not invade federally-protected right; "rough language" resulting only in hurt feelings not actionable under § 1983); *Martin v. Sargent*, 780 F.2d 1334, 1338-39 (8th Cir. 1985)(verbal threats and name calling usually not actionable under § 1983).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $28.93 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this memorandum and order.

Dated this 1st day of May, 2007.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**